UNITED STATES of America,
Plaintiff–Appellee,

v.

Richard Lee WAINWRIGHT,
Defendant–Appellant.

No. 01–30084.

D.C. No. CR–98–00050–RSL.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2001.*

Decided Dec. 28, 2001.

Before SCHROEDER, Chief Judge, TROTT, and PAEZ, Circuit Judges.

MEMORANDUM **

Richard Lee Wainwright appeals the revocation of his supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

Wainwright contends the district court erred by revoking his supervised release because there was no evidence that he violated the terms of his release. We review the district court's decision to revoke a term of supervised release for an abuse of discretion. *See United States v. Schmidt*, 99 F.3d 315, 319–20 (9th Cir. 1996), *overruled on other grounds by United States v. Palomba*, 182 F.3d 1121, 1123 (9th Cir.1999).

Wainwright's contention is without merit. At the revocation hearing, evidence

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

was presented that there was a struggle between Wainwright and his ex-girlfriend, and that his ex-girlfriend sustained some injuries. Because there was evidence that Wainwright committed an assault, the district court did not abuse its discretion by revoking Wainwright's supervised release.[1] *See Schmidt*, 99 F.3d at 320 (noting violation of supervised release may be found by only by a preponderance of the evidence); *Washington v. Bland*, 71 Wash.App. 345, 860 P.2d 1046, 1050–51 (Wash.Ct.App. 1993); Wash. Rev.Code § 9A.36.041(1) (2001).

**AFFIRMED.**

---

1. The government's motion to supplement the record is GRANTED. The government has requested we dismiss Wainwright's appeal under the fugitive disentitlement doctrine. As Wainwright has been returned to custody, we exercise our discretion not to dismiss his appeal. *See Ortega–Rodriguez v. United States*, 507 U.S. 234, 242, 249, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993); *United States v. Freelove*, 816 F.2d 479 (9th Cir.1987) (order).

